UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

VILMA GOMEZ

    Plaintiffs,

v.

SAMSUNG SDI, CO, LTD.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, VILMA GOMEZ sues SAMSUNG SDI, CO, LTD., and alleges as follows:

### PARTIES, JURISDICTION, VENUE, AND GENERAL ALLEGATIONS RELEVANT TO ALL COUNTS

1. This is a products liability action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

2. Plaintiff VILMA GOMEZ ("GOMEZ") is domiciled in Florida, currently residing in Puerto Rico.

3. Defendant SAMSUNG SDI, CO LTD. ("SAMSUNG") was and is a South Korean company organized and existing under the laws of the country of South Korea. Therefore, SAMSUNG is domiciled in South Korea.

4. SAMSUNG is the self-professed worldwide leader in the small-sized lithium-ion battery market[1]. While SAMSUNG does not have a physical presence in the United States, SAMSUNG does target the United States battery market, and SAMSUNG has a network of wholly owned

---

[1] https://www.samsungsdi.com/lithium-ion-battery/index.html

1

United States subsidiaries that work together to manufacture, sell, distribute, and market Samsung's products, including lithium-ion batteries.

5. Pursuant to Fla. Sat. § 48.193(1)(a)(1), this Court may exercise long-arm jurisdiction over SAMSUNG because SAMSUNG is operating, engaging in, or carrying on a business or business venture in Florida or has an office or agency in Florida.

6. Pursuant to Fla. Sat. § 48.193(1)(a)(2), this Court may exercise long-arm jurisdiction over SAMSUNG because SAMSUNG has committed a tortious act within Florida.

7. Pursuant to Fla. Stat § 48.193(1)(a)(6), this Court may exercise long-arm jurisdiction over SAMSUNG because SAMSUNG caused injury to Plaintiff in Florida arising out of Samsung's acts or omissions. At the time of Plaintiff's injury, SAMSUNG was engaged in solicitation or service activities within Florida, and SAMSUNG's products, materials, or things processed, serviced, or manufactured by SAMSUNG were used or consumed within Florida in the ordinary course of commerce trade or use.

8. Additionally, SAMSUNG is personally subject to the jurisdiction of this Court for the following reasons:

   a. SAMSUNG conducts and engages in substantial business in Florida's lithium-ion battery market, by selling such products, including the 18650 batteries, to persons, firms, or corporations in Florida either directly or via its distributors, wholesalers, dealers, and brokers.

   b. Through its distribution network, SAMSUNG sells its 18650 batteries to various distributors throughout the world, knowing and expecting that these distributors will re-wrap and resell these batteries for other uses. SAMSUNG knows and expects that these batteries will be sold in large quantities throughout the United States, including in Florida, with many of the batteries being sold as a standalone product for electronic cigarette or vape use.

   c. SAMSUNG uses its distribution network to target the Florida battery market. SAMSUNG sells its rechargeable batteries to various foreign and domestic corporate entities knowing that, through these entities, SAMSUNG's batteries will flow directly into every state in the United States, including Florida, to be used in

vapes and e-cigarettes. Despite knowing this, SAMSUNG continues to sell its batteries to these corporate entities so that SAMSUNG may profit off the United States' and Florida's vape and e-cigarette market.

d. SAMSUNG committed a tortious act within the state by selling defective batteries to persons, firms, or corporations in Florida via its distributors, wholesalers, dealers, and brokers. SAMSUNG knows and expects that some of its battery distributors and resellers will sell its defective batteries throughout the United States, including in Florida, and consumers will buy these batteries for vape and e-cigarette use.

e. SAMSUNG's 18650 batteries, at the time of Plaintiff's injury and today, are regularly sold in Florida so that they can be used in vaping devices. Retail stores throughout Florida sell SAMSUNG's 18650 batteries for this express purpose. Florida residents can purchase standalone 18650 batteries manufactured by Samsung through various online retailers.

f. SAMSUNG's 18650 batteries, at the time of Plaintiff's injury and today, are regularly sold and used in Florida as components of various electronic products, including smartphones, laptops, tablets, power tools, flashlights, electric bikes, and electric vehicles.

g. SAMSUNG's acts caused Plaintiff, a Florida resident, significant injury and damage.

h. At or about the time Plaintiff was injured, Defendant engaged in international marketing and advertising that intentionally pervades into the Florida market, leading to the consumption of Samsung's 18650 batteries within Florida, in the ordinary course of trade.

i. SAMSUNG maintains an interactive website[2] where it regularly exchanges information and correspondence with Florida residents about SAMSUNG's products.

j. Defendant has been a party in other cases where they have come into the courts of Florida, without claiming lack of jurisdiction, to answer claims about the failures of its products in Florida.

k. SAMSUNG sells battery packs to a Florida based e-bike manufacturer.

---

[2] https://www.samsungsdi.com/cs-center-inquiry.html

    l. SAMSUNG sold large scale energy storage system battery cells to NextEra Energy, Inc.'s affiliates that are based in or have connections with Florida including Blue Summit Storage, LLC, Florida Power & Light Company, Pima Energy Storage System, LLC, and NextEra Energy Resources, LLC.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2)-(3); (c)(3) because the events giving rise to this claim occurred in Miami-Dade County, Florida.

10. The subject battery, a Samsung 30Q, is a standalone lithium-ion battery – similar to a typical AA battery and can be reasonably expected to be carried in consumers' pockets when not being used in a device. These batteries contain significantly more energy than other battery types and have a known tendency to catch fire and explode when they short circuit.

11. Defendant SAMSUNG was and is a designer and manufacturer of batteries and other electronic products including the subject battery.

12. Since at least 2014, SAMSUNG has known that its batteries tend to explode and that its consumers tend to carry these batteries in their pockets. SAMSUNG continued to allow its products to be sold and resold, even though the danger of their batteries exploding created an unreasonable risk of harm.

13. SAMSUNG was sued in the United States in 2017 after one of its batteries exploded while being used in an e-cigarette.

14. On or about April of 2021, GOMEZ purchased the subject battery from Ohm City Vapes in Miami Beach.

15. On or about October 5, 2021, GOMEZ was walking in a gas station parking lot in Miami when the subject battery, which was in her pocket, exploded.

16. As a result, GOMEZ suffered severe burns to her leg and thigh which required surgical intervention including skin grafting at a Miami hospital.

## COUNT I
## NEGLIGENCE AGAINST SAMSUNG

17. At all times material, SAMSUNG was and is engaged in the sale of electronic products, including the subject battery, and associated component parts, placing them into the stream of commerce with full knowledge and intent that its batteries and component parts would be used by purchasers, users, and operators without the opportunity for inspection or testing.

18. At all times material SAMSUNG knew or in the exercise of reasonable care should have known that if any of the subject battery's component parts failed, it would create an unreasonable risk of harm to persons using or even just holding the subject battery and would result in damages to foreseeable users like GOMEZ.

19. At all times material, SAMSUNG was under a duty to use reasonable care in planning, designing, certifying, manufacturing, assembling, installing, overhauling, modifying, repairing, testing, inspecting, marketing and distributing its batteries, including the subject battery, and related component parts.

20. SAMSUNG was under a duty to, among other things:

   a. Design, manufacture, integrate, assemble, modify, install, or overhaul the subject battery including but not limited to its components so that the subject battery could be safely handled or stored;

   b. Test or inspect the subject battery for dangerous conditions that existed or were likely to exist including but not limited to such dangerous conditions relating to the component failures that would occur through ordinary use which would cause the battery to overheat and explode;

   c. Modify, service or repair dangerous conditions that were known or likely to be known by SAMSUNG in the exercise of reasonable care; and

   d. Warn or advise users including GOMEZ that the subject battery could and would explode during routine handling even though the battery was not misused.

21. SAMSUNG knew or should have known that if their design, manufacture, integration, assembly, installation, overhaul, modification, testing, inspection, and/or repair of the subject battery were not performed adequately or performed in a manner less careful than required that there would be an unreasonable risk to users such as GOMEZ.

22. SAMSUNG breached its aforementioned duties in one or more of the following ways:

   a. Placing, selling, distributing, or allowing an unreasonably dangerous battery into the stream of commerce in Florida;

   b. Failing to design, manufacture, integrate, assemble, overhaul, or modify the subject battery including but not limited to its components so that the subject battery could be safely handled or used;

   c. Failing to test or inspect the subject battery and its components for dangerous conditions which existed or were likely to exist in the subject battery including the high likelihood of failure or short circuit;

   d. Failing to modify, service, or repair dangerous conditions that were known or should have been known by SAMSUNG in the exercise of reasonable care; and

   e. Failing to warn users, such as GOMEZ, that the battery may begin to overheat and explode even while not in use; and

   f. Failing to give appropriate warning(s) about particular risks of the subject battery which SAMSUNG knew or should have known are involved in the reasonably foreseeable use(s) of the subject battery.

23. As a direct and proximate result of SAMSUNG's aforementioned acts and omissions, GOMEZ suffered severe injuries and damages.

   WHEREFORE, Plaintiff, VILMA GOMEZ, demands judgment against SAMSUNG SDI, CO, LTD. for compensatory damages and costs associated with bringing this action.

## COUNT II
## STRICT LIABILITY AGAINST SAMSUNG
## (MANUFACTURING DEFECT)

24. At all times material, SAMSUNG designed, assembled, manufactured, integrated, modified, installed, served, inspected, tested, repaired, marketed, sold and distributed electronic products including the subject battery and its component parts.

25. Under the conditions existing at the time of sale or delivery, the subject battery was unreasonably dangerous because the subject battery was manufactured in such a way that it would short circuit and explode under foreseeable conditions of use.

26. The subject battery was expected to and did in fact reach users, such as GOMEZ, without substantial change affecting the aforementioned condition.

27. As a direct and proximate result of the manufacturing defect described above, GOMEZ suffered severe injuries and damages.

WHEREFORE, Plaintiff VILMA GOMEZ, demands judgment against SAMSUNG SDI, CO, LTD. for compensatory damages and costs associated with bringing this action.

## COUNT III
## STRICT LIABILITY AGAINST SAMSUNG
## (DEFECTIVE DESIGN)

28. At all times material, SAMSUNG designed, assembled, manufactured, integrated, modified, installed, served, inspected, tested, repaired, marketed, sold and distributed electronic products including the subject battery and its component parts.

29. Under the conditions existing at the time of sale or delivery, the subject battery was unreasonably dangerous because the subject battery was designed in such a way that it would short circuit and explode under foreseeable conditions of use.

30. The subject battery was unreasonably dangerous because of its design because it failed to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by SAMSUNG. Specifically, the subject battery was designed in such a way as to short circuit and explode under foreseeable conditions of use. The subject battery was expected not to explode while being harmlessly carried.

31. As a direct and proximate result of the design defect described above, GOMEZ suffered severe injuries and damages.

WHEREFORE, Plaintiff VILMA GOMEZ, demands judgment against SAMSUNG SDI, CO, LTD. for compensatory damages and costs associated with bringing this action.

## COUNT IV
## STRICT LIABILITY AGAINST SAMSUNG
### (FAILURE TO WARN)

32. At all times material, SAMSUNG designed, assembled, manufactured, integrated, modified, installed, served, inspected, tested, repaired, marketed, sold and distributed electronic products including the subject battery and its component parts.

33. The subject battery was defective because the foreseeable risk of harm from the subject battery could have been reduced or avoided by having proper warnings, including warning that the subject battery may spontaneously malfunction and begin operating during cleaning.

34. The subject battery has no such warnings either in the manual or on the battery itself or its warnings fell below the standards required to provide notice of a hazard.

35. As a direct and proximate result of the failure to warn described above, GOMEZ suffered severe injuries and damages.

WHEREFORE, Plaintiff VILMA GOMEZ, demands judgment against SAMSUNG SDI, CO, LTD. for compensatory damages and costs associated with bringing this action.

## DAMAGES

36. Plaintiff, VILMA GOMEZ, sustained pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses, and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these losses in the future. These injuries are permanent or continuing in nature. Plaintiff's injuries and related damages were caused by the above-described acts and omissions.

WHEREFORE, Plaintiff VILMA GOMEZ, demands judgment against SAMSUNG SDI, CO, LTD. for compensatory damages and costs associated with bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Date: January 24, 2025

Respectfully submitted,

GARAY LAW
*Counsel for Plaintiff*
300 Sevilla Avenue, Suite 206
Coral Gables, FL 33134
Tel: (305) 445-4430; Fax: (305) 445-4431

By:/s/ Gabriel Garay
GABRIEL GARAY
Florida Bar No. 103303
gabe@garaylawfirm.com
ROBERT L. PARKS
*Of Counsel*
Florida Bar No. 61436
bob@garaylawfirm.com
lisa@garaylawfirm.com