**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-20368-CIV-MARTINEZ/SANCHEZ**

VILMA GOMEZ,

Plaintiff,

v.

SAMSUNG SDI, CO. LTD.,

Defendant.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Defendant Samsung SDI Co., Ltd.'s ("Samsung") Motion to Dismiss [ECF No. 9]. The parties were granted leave to conduct limited jurisdictional discovery to address the allegations in Samsung's Motion. (*See* July 11, 2025 Order [ECF No. 16]). The Court has reviewed the Motion, the affidavit of Young Chan Han filed in support of Samsung's Motion [ECF No, 10], Plaintiff's response in opposition [ECF No. 60] and supporting exhibits [ECF No. 64], Defendant's reply in support [ECF No. 62], the record, relevant law, and is otherwise fully advised. For the reasons stated below, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Vilma Gomez alleges that a 18650 lithium-ion battery designed and manufactured by Samsung, the Samsung 30Q, has a tendency to explode and Samsung continues to allow the battery to be sold and resold, even though Samsung is aware of the risk of danger. (*See generally* Compl. [ECF No. 1]). In April 2021, Plaintiff purchased the subject battery from Ohm City Vapes in Miami Beach, Florida. (*Id.* ¶ 14). On October 5, 2021, the subject battery exploded in Plaintiff's pocket, causing severe burns to her leg and thigh. (*Id.* ¶¶ 15–16). Plaintiff alleges four causes of action against Defendant: Negligence (Count I); Strict Liability, Manufacturing Defect (Count II);

Strict Liability, Defective Design (Count III); and Strict Liability, Failure to Warn (Count IV). (*See generally* Compl.). Samsung filed the instant Motion arguing Plaintiff's Complaint should be dismissed for lack of personal jurisdiction. (*See* Mot.).

Plaintiff is domiciled in Florida[1] (Compl. ¶ 2), and Samsung is a South Korean company organized and existing under the laws of South Korea (*id.* ¶ 3). Plaintiff contends that this Court may exercise jurisdiction over Samsung because Samsung is operating, engaging in, or carrying on a business or business venture in Florida, caused injury to Plaintiff in Florida, and, at the time of Plaintiff's injury, Samsung was engaged in solicitation or service activities in Florida or its products were used or consumed in Florida in the ordinary course of commerce trade or use. (*See id.* ¶¶ 5–7).

Samsung moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction. (*See generally* Mot.). Samsung claims that exercising jurisdiction over it would not comport with Florida's long-arm statute and would violate its due process rights under the Fourteenth Amendment to the United States Constitution. (*See generally id.*). In support of these arguments, Samsung offers the Declaration of Young Chan Han, a principal engineer and authorized representative for Samsung. (*See* Declaration of Young Chan Han ("Han Decl.") [ECF No. 10]). Han agrees that Samsung is a corporate entity "organized under the laws of the Republic of Korea, with its headquarters and principal place of business in South Korea." (Han Decl. ¶ 5). Han, however, asserts that

> [Samsung] has never had employees, officers, agents, directors, or representatives in Florida . . . been licensed or registered to do business in Florida . . . had a registered agent for service of process in Florida . . . had a bank account in Florida . . . owned or controlled personal or real property in Florida . . . had a

---

[1] Plaintiff alleges that she is domiciled in Florida, but currently resides in Puerto Rico. (Compl. ¶ 2). Plaintiff fails to explain what this means or how her residence in Puerto Rico has not impacted her Florida citizenship.

> mailing address, telephone number, or fax number in Florida . . . had an office, warehouse, or other place of business in Florida . . . paid or incurred an obligation to pay taxes in Florida . . . held board meetings or other official meetings in Florida . . . sold any product, including 18650 lithium-ion battery cells, to any retail store in the United States, including Florida . . . conducted business with [P]laintiff Vilma Gomez . . . [and] has never conducted business with [ ] Ohm City Vapes Inc.

(Han Decl. ¶¶ 6–17).

Samsung does not sell or supply 18650 lithium-ion battery cells to power e-cigarettes and vaping devices or for any standalone or individual use. (*Id.* ¶¶ 21–24). Rather, Samsung "sells 18650 lithium-ion battery cells exclusively on a business-to-business basis, to sophisticated companies that are involved in or associated with either the manufacture of authorized products, or the supply chain leading to the manufacture of authorized products, that are sold on a nationwide or global scale." (*Id.* ¶ 18). "The sophisticated companies who purchase [Samsung's] 18650 lithium-ion battery cells either receive them as components of preassembled, sealed battery packs, or incorporate them into such battery packs. Those battery packs are then incorporated in and used to power authorized products." (*Id.* ¶ 19).

Samsung's past and present contacts with Florida are limited to (1) sales of sealed battery packs to Florida electric bicycle ("e-bike") manufacturer, Prodeco Technologies, LLC ("Prodeco") and (2) sales of large-scale energy storage system ("ESS") battery cells[2] and related components to affiliates of a U.S. energy company, NextEra Energy, Inc. (the "NextEra Energy affiliates"). (*Id.* ¶ 26). All of Samsung's sales to Prodeco were sales of sealed battery packs. (*Id.* ¶ 28). After Samsung sold the battery packs, Samsung had no right or ability to control the subsequent use or sale of the battery packs, including the products into which those battery packs were incorporated, or the location or volume of sales of such products. (*Id.* ¶ 29). Samsung had no knowledge or

[2] The ESS battery cells sold to NextEra Energy affiliates are different from 18650 lithium-ion batteries. (Han Decl. ¶ 32).

expectation that Prodeco would distribute, sell, or market Samsung battery packs except as authorized by Samsung (as components of Prodeco e-bikes). (*Id.* ¶ 30). Samsung never authorized Prodeco to distribute, sell, or market Samsung battery packs or the lithium-ion battery cells within for individual use, including individual use by consumers. (*Id.* ¶ 28).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a party to seek dismissal for lack of personal jurisdiction. In assessing whether a nonresident is subject to the exercise of personal jurisdiction, federal courts must determine that (1) jurisdiction is proper under Florida's long-arm statute and (2) exercising jurisdiction comports with due process. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Federal courts engage in a three-part burden-shifting analysis when a defendant asserts lack of personal jurisdiction. *See Diulus v. Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 848 (11th Cir. 2020).

"First, the plaintiff 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Id.* (quoting *Mazer*, 556 F.3d at 1274). "Second, if the complaint alleged sufficient facts, and 'the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Id.* (quoting *Mazer*, 556 F.3d at 1274). "Third, 'where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.'" *Id.* (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010)).

## III. DISCUSSION

Samsung contends Plaintiff cannot satisfy its burden of establishing personal jurisdiction under either the Florida long-arm statute or the Due Process Clause of the Fourteenth Amendment.

(*See* Mot.). Samsung argues that exercising jurisdiction over it is not proper because it has no direct contacts with Florida, other than its sales to Prodeco and NextEra Energy affiliates, which are unrelated to Plaintiff's claims. (*See id.*). Plaintiff, however, asserts that Samsung knows that its batteries will flow directly into every state in the United States, including Florida, through third-party distributors, to be sold on a standalone basis for use with e-cigarettes. (Compl. ¶ 8; *see also* Resp. 3). The Court must determine whether the exercise of jurisdiction over Defendant Samsung (1) comports with Florida's long-arm statute and (2) does not violate the Due Process Clause of the Fourteenth Amendment. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 626 (11th Cir. 2010).

**A. Florida's Long-Arm Statute**

Federal courts must construe Florida's long-arm statute as the Florida Supreme Court would. *Skyhop Techs., Inc. v. Narra*, 58 F.4th 1211, 1223 (11th Cir. 2023). The statute is not coextensive with federal due process requirements and must be strictly construed. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996); *Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa*, 241 So. 3d 938, 941 (Fla. 3d DCA 2018). It grants jurisdiction over anyone who, personally or through an agent, commits one of nine listed acts giving rise to the claim: (1) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in Florida; (2) committing a tortious act in Florida; (3) owning, using, possessing, or holding a mortgage or other lien on any real property in Florida; (4) contracting to insure a person, property, or risk located in Florida at the time of contracting; (5) certain family law matters; (6) causing injury to people or property in Florida arising out of an act or omission by the defendant outside Florida if certain circumstances apply; (7) breaching a contract in Florida by failing to perform acts required by the contract to be performed in Florida; (8) certain paternity

proceedings; and (9) entering into a contract with a provision by which such person or other entity located outside Florida agrees to submit to the jurisdiction of Florida courts. Fla. Stat. § 48.193(1)(a)(1)–(9).

Plaintiff asserts that this Court has personal jurisdiction over Samsung under Florida's long-arm statute, specifically sections 48.193(1)(a)(1) (conducting business), (a)(2) (committing a tortious act), and (a)(6) (causing injury). (Compl. ¶¶ 5–7).

**1. Fla. Stat. § 48.193(1)(a)(1) — Conducting Business**

To show a defendant is carrying on a business within the meaning of § 48.193(1)(a)(1), "the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, Ltd. P'ship v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (quoting *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam)). Courts may consider several factors, including: (1) the presence and operation of an office in Florida, (2) possession and maintenance of a license to do business in Florida, (3) how many Florida clients are served, and (4) the portion of revenue from Florida clients. *Id.*

Here, Samsung has never had employees, officers, agents, directors, or representatives in Florida, been licensed or registered to do business in Florida, had a registered agent for service of process in Florida, had a bank account in Florida, owned or controlled personal or real property in Florida, had a mailing address, telephone number, or fax number in Florida, and has never had an office, warehouse, or other place of business in Florida. (*See* Han Decl. ¶¶ 6–12). Plaintiff concedes that Samsung is a South Korean company organized and existing under the laws of South Korea and "does not have a physical presence in the United States." (Compl. ¶¶ 3–4). It is unclear what portion of Samsung's revenue, if any, comes from Samsung's Florida clients. While Samsung

does maintain some business activity in Florida — business relationships with Prodeco and NextEra Energy affiliates — Plaintiff failed to connect her injury to those business activities. (*See* Compl.; Han Decl. ¶ 26). Further, Samsung no longer sells batteries to Prodeco. (*See* Han Decl. ¶ 27). Thus, § 48.193(1)(a)(1) does not provide a basis for this Court's jurisdiction over Samsung.

**2. Fla. Stat. § 48.193(1)(a)(2) — Committing Tortious Act**

A nonresident defendant may be subject to a court's jurisdiction in Florida "for any cause of action arising from . . . [c]omitting a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2) (alterations added). In evaluating "whether tortious conduct has occurred within Florida, courts have looked to whether the nonresident defendant committed a substantial aspect of the alleged tort in Florida." *Taylor v. Moskow*, 717 F. App'x 836, 840 (11th Cir. 2017) (citation omitted). "[M]ere injury in Florida resulting from a tort committed elsewhere is insufficient to support personal jurisdiction over a non-resident defendant." *Consol. Energy Inc. v. Strumor*, 920 So. 2d 829, 832 (Fla. 4th DCA 2006); *see also Stonepeak Partners, LP v. Tall Tower Cap., LLC*, 231 So. 3d 548, 555 (Fla. 2d DCA 2017) (because there was no allegation or evidence that the defendant's alleged tortious conduct occurred in Florida or was directed at a person in Florida, trial court erred in finding that the defendant committed tortious act in the state).

Plaintiff does not allege that Samsung's alleged tortious conduct occurred in Florida or was intentionally directed at a person in Florida. (*See generally* Compl.). Further, § 48.193(1)(a)(2) has not been extended to claims for strict product liability or negligence where an allegedly defective product manufactured and sold by the defendant outside the state causes injury within the state. *See Kountze v. Kountze*, 996 So. 2d 246, 252 (Fla. 2d DCA 2008) (recognizing that case law expanding the reach of (a)(2) (then codified at Fla. Stat. § 48.193(1)(b)) to a nonresident's conduct

outside Florida "does not appear to have been used in typical negligence actions"). Accordingly, Plaintiff cannot establish personal jurisdiction over Samsung under § 48.193(1)(a)(2).

### 3. Fla. Stat. § 48.193(1)(a)(6) — Causing Injury

A defendant is subject to personal jurisdiction in Florida if it commits an act or omission outside the state that "[c]aus[es] injury to persons or property within [the] state" and, "at or about the time of the injury," (a) the defendant "was engaged in solicitation or service activities within this state" or (b) "[p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." Fla. Stat. § 48.193(1)(a)(6).

Plaintiff argues that Samsung's products are "used or consumed within Florida in the ordinary course of commerce[,] trade[,] or use." (Compl. ¶¶ 7, 8(h)). Plaintiff alleges that Samsung's batteries are sold as components of other devices that are widely available in Florida. (*Id.* ¶¶ 8(b), 8(e), 8(f)). Plaintiff purchased the subject battery as an individual battery in a Florida retail store, which she claims is common. (*Id.* ¶¶ 8(b), 14). Samsung, on the other hand, argues that an individual 18650 lithium-ion battery cell used outside a battery pack in a vaping device is not a product used or consumed in Florida in the ordinary course of commerce, trade, or use. (Reply 7). Samsung asserts that it has never designed, manufactured, distributed, sold, or marketed its 18650 battery cells for use in e-cigarettes or vaping devices or for resale as an individual battery, and has never authorized any third party to do so the same. (Mot. 17–18; Han Decl. ¶¶ 22, 24).

Plaintiff failed to show that the 18650 lithium-ion battery that exploded in her pocket was used within Florida in the ordinary course of commerce and trade. In fact, Samsung has never sold any product to any retail store in United States and only sells 18650 lithium-ion battery cells to sophisticated companies that are involved in or associated with the manufacture of authorized

products or the supply chain of authorized products. (Han Decl. ¶¶ 15, 18). E-cigarettes and vaping devices are not authorized products. (*Id.* ¶ 20). Samsung has never authorized any third-party to distribute, sell, or market 18650 lithium-ion battery cells for individual use, including individual use by consumers. (*Id.* ¶ 24). Samsung does not have distributors for its 18650 lithium-ion battery cells in the United States, including Florida. (*Id.* ¶ 25).

While Plaintiff is correct that unauthorized use of Samsung's product does not preclude jurisdiction, Plaintiff still must sufficiently allege the stream of commerce that leads the 18650 lithium-ion batteries from Samsung in South Korea to Florida such that this Court has jurisdiction over Samsung. Plaintiff must also sufficiently allege that the battery is used in Florida in the ordinary course of commerce. *See* Fla. Stat. § 48.193(1)(a)(6). Plaintiff does not identify who sold the subject battery to Ohm City Vapes in Miami Beach or to any other vape stores or how the subject battery ended up at Ohm City Vapes. (*See* Compl; Resp.). The manufacture of the subject battery and the unauthorized sale at the vape store are too attenuated to confer jurisdiction. Moreover, the unexplained and unauthorized repackaging and resale of Samsung's batteries can hardly be viewed as "ordinary course of commerce, trade, or use." *See* Fla. Stat. § 48.193(1)(a)(6). *See Samsung SDI Co. v. Fields*, 346 So. 3d 102, 107–08 (Fla. 2d DCA 2022) (finding that § 48.193(1)(a)(6) did not apply because the plaintiff failed to show that the subject battery was used in Florida in the ordinary course of commerce and trade and Samsung specifically prohibited the use of the batteries for use in vaping devices).

The sales of 18650 battery packs to Prodeco also fail to confer jurisdiction because those sales ended in March 2017 (*id.* ¶ 27), and Plaintiff was injured in October 2021 (Compl. ¶ 15). *See* Fla. Stat. § 48.193(1)(a)(6) (stating that jurisdiction is conferred if the defendant "was engaged in solicitation or service activities" in Florida "at or about the time of the injury").

**B. Fifth and Fourteenth Amendment Due Process**

Even assuming Plaintiff's allegations are sufficient to warrant application of Florida's long-arm statute, Plaintiff fails to sufficiently plead that the exercise of personal jurisdiction over Samsung satisfied the due process protections granted by the Fourteenth Amendment.

Due process limits a state court's power to exercise personal jurisdiction over a defendant. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 352, 358 (2021). Courts in this jurisdiction apply a three-prong due process test when assessing whether it has specific personal jurisdiction over a defendant. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355–58 (11th Cir. 2013). The three-prong test requires courts to determine:

> (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Id.* at 1355. Plaintiff bears the burden of establishing the first two prongs. *See id.* Should she satisfy her burden, Defendant Samsung then "must make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010)).

"[A] fundamental element of the specific jurisdiction calculus is that plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum." *Louis Vuitton*, 736 F.3d at 1355 (citation omitted). The focus is on "the direct . . . relationship between the defendant, the forum, and the litigation." *Id.* at 1355–56 (citation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 264 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Here, Plaintiff's claims do not arise out of or relate to Samsung's contacts with Florida. Samsung's contacts with Florida are limited to sales of sealed battery packs to Prodeco and NextEra Energy affiliates. (*See* Han Decl. ¶ 26). Samsung's sales of sealed battery packs to Prodeco occurred between April 2015 and March 2017. (*Id.* ¶ 27). Samsung sold a different type of battery to NextEra Energy affiliates. (*See id.* ¶ 26). Plaintiff does not allege that the subject battery that caused her injuries was one that was repackaged or resold by Prodeco or NextEra. (*See generally* Compl.). Plaintiff's injuries are too disconnected from Samsung's limited contacts with the forum. Thus, Plaintiff fails to sufficiently plead that the Court's exercise of jurisdiction over Samsung would comport with due process.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Samsung SDI Co., Ltd.'s Motion to Dismiss **[ECF No. 9]** is **GRANTED**. Plaintiff's Complaint [ECF No. 1] is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6 day of May, 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record